# EXHIBIT A



**SHARON R. BOCK**
Clerk & Comptroller
Palm Beach County

**CASE NUMBER: 50-2017-SC-014791-XXXX-MB**
**CASE STYLE: LAVERTOVSKY, NURIT V DIVERSIFIED CONSULTANTS INC**

Dockets & Documents ▾

Public = 🗋                          VOR = 🔒                    In Process = ⏱
                                                               Page Size: 25 ▾

| | Docket Number | Effective Date | Description |
|---|---|---|---|
| 🔒 | 1 | 11/03/2017 | STATEMENT OF CLAIM |
| 🗋 | 2 | 11/03/2017 | NOTICE OF EMAIL DESIGNATION |
| 🗋 | 3 | 11/03/2017 | SUMMONS REQUESTED |
| | 4 | 11/06/2017 | DIVISION ASSIGNMENT |
| 🗋 | 5 | 11/06/2017 | PAID $195.00 ON RECEIPT 2404541 |
| | 6 | 11/06/2017 | SET FOR SCPTHP - SMALL CLAIMS PRETRIAL PRO SE 11/30/2017 10:00 AM PEREZ, JUDGENANCY |
| 🗋 | 7 | 11/06/2017 | SUMMONS ISSUED |

Filing # 63719115 E-Filed 11/03/2017 12:28:59 PM

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

NURIT LAVERTOVSKY,

      Plaintiff,

v.                                            Case No.:

DIVERSIFIED CONSULTANTS, INC.,

      Defendant.

_____/

## STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL

Plaintiff NURIT LAVERTOVSKY ("Plaintiff"), by and through her undersigned counsel, seeks redress for the unlawful practices of Defendant, DIVERSIFIED CONSULTANTS, INC. ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and in support thereof, alleges the following:

### NATURE OF THE ACTION

I.     THE FAIR DEBT COLLECTION PRACTICES ACT

1.   The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to ensure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3. Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

5. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

> (2) The false representation of—
>
>> (A) the character, amount, or legal status of any debt; or
>>
>> [...]
>
> (5) The threat to take any action that cannot legally be taken or is not intended to be taken.
>
>> [...]

> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

6. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also, Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

7. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

8. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See, Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**..." (emphasis added) (internal quotations and citations omitted)).

9. In the Eleventh Circuit, "[w]hether a particular communication is false or deceptive is a

question for the jury." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985)); *see also, Lopera v. Midland Credit Mgt., Inc.*, 8:16-CV-1448-T-33JSS, 2016 WL 6650744, at *3 (M.D. Fla. Nov. 10, 2016)("[W]hether a letter is misleading raises a question of fact. Generally speaking, 'a jury should determine whether the letter is deceptive and misleading.'")(quoting *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015)).

## II.   THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

10. "The Florida Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

11. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> [...]
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some

other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72.

12. As set forth in more detail below, Defendant's written communications to Plaintiff violate the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

13. This is an action for damages greater than $500 but less than $2,500, exclusive of attorney's fees and costs.

14. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the FDCPA and FCCPA.

15. Venue in this District is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

16. Plaintiff is natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(a).

18. Defendant is a Florida profit corporation doing business in Florida.

19. Defendant holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

20. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

21. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due

or asserted to be owed or due another.

22. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

24. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

25. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

26. Plaintiff is alleged to owe a financial obligation to "EOS USA" (hereinafter the "Alleged Debt").

27. The Alleged Debt consists of amounts allegedly due for personal cellular telephone services.

28. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

29. On or about February 10, 2017, Defendant sent or caused to be sent a written communication to Plaintiff (hereinafter "Defendant's Collection Letter"). A copy of Defendant's Collection Letter is attached hereto as "Exhibit A".

30. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to

Plaintiff.

31. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

32. At the time Defendant's Collection Letter was sent, the applicable statute of limitations for legal action to collect upon the Alleged Debt had expired.

33. At the time Defendant's Collection Letter was sent, the Alleged Debt could no longer be lawfully credit reported pursuant to 15 U.S.C. § 1681c.

34. Defendant's Collection Letter identifies "AT&T MOBILITY" as the "Original Creditor" of the Alleged Debt and "EOS USA" as the "Current Creditor" of the Alleged Debt.

35. Defendant's Collection Letter states that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, you cannot be sued to collect the debt and we will not report it to the credit reporting agencies."

36. Defendant's Collection Letter does not state weather "EOS USA", "AT&T MOBILITY" and/or any other persons or entities other than Defendant will report the Alleged Debt to the credit reporting agencies.

37. Defendant's Collection Letter contains a detachable payment voucher at the bottom which contains a space for Plaintiff's signature, thereby inviting Plaintiff to acknowledge the Alleged Debt in a signed writing.

38. Defendant's Collection Letter contains a detachable payment voucher at the bottom which contains both the "Amount Due" and a blank "Amount Submitted" box for Plaintiff to complete, thereby indicating Defendant's willingness to accept a partial payment towards the Alleged Debt.

39. All conditions precedent to the filing of this action have occurred or been waived.

## COUNT I –
## VIOLATION OF THE FDCPA BASED UPON MISLEADING
## STATEMENT REGARDING THE LEGAL STATUS OF THE ALLEGED DEBT

40. Plaintiff re-asserts and re-alleges paragraphs 1 through 39 as if fully restated herein.

41. Defendant's Collection Letter is deceptive and misleading in that it erroneously states that Plaintiff "cannot be sued to collect the" Alleged Debt when, in fact, Plaintiff can be sued to collect the Alleged Debt as, pursuant to settled Florida Law, statute of limitations is an affirmative defense that is waived if not pleaded. *See, e.g., Ellis Nat. Bank of Tallahassee v. Davis*, 359 So. 2d 466, 470 (Fla. 1st Dist. App. 1978)("statute of limitations which is, in Florida, an affirmative defense which is waived if not pleaded"); *Thorney v. Clough*, 438 So. 2d 985, 986 (Fla. 3d Dist. App. 1983)("Florida Rule of Civil Procedure 1.110(d) specifically lists the statute of limitations as an affirmative defense which is waived if not timely raised."); *Ramos v. Philip Morris Companies, Inc.*, 743 So. 2d 24, 30–31 (Fla. 3d Dist. App. 1999)("the statute of limitations is an affirmative defense which must be plead and proved by the defendant, and is waived if not plead.")(internal citations omitted); *Beck v. State*, 817 So. 2d 858, 863 (Fla. 5th Dist. App. 2002)("The law is clear that the statute of limitations defense can be waived.")

42. This erroneous statement is material, in that it would impact the least sophisticated consumer's decision-making process. Among other things, the least sophisticated consumer would, upon receipt of Defendant's Collection Letter, assume that any legal action brought to collect the Alleged Debt could be ignored when, in fact, the failure to timely assert statute of limitations as a defense to such legal action would result in waiver of the defense.

43. By implying that the Alleged Debt could, under no circumstance, be the subject of a collection action, Defendant has misrepresented that character and/or legal status of the Alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

44. By erroneously stating that the Alleged Debt could, under no circumstance, be the subject of a collection action, Defendant has utilized false, deceptive and/or misleading representations in connection with the collection of the Alleged Debt in violation of 15 U.S.C. §1692e.

45. By erroneously stating that the Alleged Debt could, under no circumstance, be the subject of a collection action, Defendant has utilized false representations and/or deceptive means to collect the Alleged Debt in violation of 15 U.S.C. § 1692e(10).

46. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead in violation of federal law. *See, e.g., McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt […] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. […] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

47. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT II –
## VIOLATION OF THE FDCPA BASED UPON REQUEST FOR PARTIAL PAYMENT AND WRITTEN ACKNOWLEDGEMENT OF TIME BARRED DEBT

48. Plaintiff re-asserts and re-alleges paragraphs 1 through 39 as if fully restated herein.

49. As detailed *supra,* Defendant's Collection Letter invites Plaintiff to make a partial payment towards the Alleged Debt.

50. Defendant's Collection Letter invites Plaintiff to make a signed, written acknowledgement of the Alleged Debt by utilizing the detachable payment voucher.

51. While the applicable statute of limitations for legal action on the Alleged Debt has expired on the date Defendant's Collection Letter was sent, a subsequent partial payment toward, or written acknowledgement of, the Alleged Debt by Plaintiff has the ability to revive the applicable statute of limitations. *See,* Fla. Stat. § 95.11(2); *Jacksonville Am. Pub. Co. v. Jacksonville Paper Co.,* 197 So. 672, 677 (1940) (partial payment made towards a time barred debt "… amounts to a voluntary acknowledgement of the existence of the debt from which the law implies a new promise to pay the balance"); *Baez v. LTD Fin. Services, L.P.,* 615CV1043ORL40TBS, 2017 WL 397537, at *3 (M.D. Fla. Jan. 30. 2017), *reconsideration denied,* 615CV1043ORL40TBS, 2017 WL 1291070 (M.D. Fla. Apr. 7, 2017)("A Partial Payment Can Legally 'Revive' an Otherwise Time–Barred Debt Under Florida Law").

52. Defendant's Collection Letter did not disclose to Plaintiff that a partial payment towards,

or written acknowledgement of, the Alleged Debt could revive the statute of limitations.

53. Defendant's Collection Letter did not disclose to Plaintiff that Plaintiff could be sued for the Alleged Debt in the event Plaintiff made a partial payment toward, or written acknowledgement of, the Alleged Debt.

54. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes, regulations and/or case law, that a partial payment toward, or written acknowledgement of, the Alleged Debt would restart the applicable statute of limitations.

55. In light of the foregoing, Defendant's Collection Letter violates the FDCPA, to wit:

   a. Section 1692e by using false, deceptive or misleading representations or means in connection with the collection of the Alleged Debt. Specifically, Defendant's Collection Letter is deceptive and/or misleading in that it fails to advise Plaintiff of the consequences associated with a partial payment toward, or written acknowledgement of, the Alleged Debt. *See, e.g., Lopera v. Midland Credit Mgt., Inc.*, 8:16-CV-1448-T-33JSS, 2016 WL 6650744, at \*5 (M.D. Fla. Nov. 10, 2016)("the [] letter offers a partial payment option without discussing the possibility that the first partial payment would make the entire debt legally enforceable again under many states' laws. The Court agrees that the potential revival of a time-barred debt through a partial payment like that requested [...] is almost assuredly not within the ken of most people, whether sophisticated, whether reasonably sophisticated, or whether unreasonably unsophisticated.") This omission is material in that it would impact the least sophisticated consumer's decision making process. *See, e.g., McMahon v. LVNV Funding, LLC*, 744 F.3d

1010, 1021 (7th Cir. 2014)("The fact that both [...] letters contained an offer of
settlement makes things worse, not better, since a gullible consumer who made a
partial payment would inadvertently have reset the limitations period and made
herself vulnerable to a suit on the full amount.")

b.  Section 1692e(10) by using false representations and/or deceptive means in
attempting to collect the Alleged Debt. Specifically, Defendant's Collection Letter
is deceptive in that it fails to disclose to Plaintiff of the consequences associated
with partial payment toward, or written acknowledgement of, the Alleged Debt.
*See, e.g., Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 399 (6th Cir.
2015)("Without disclosure, a well-meaning debtor could inadvertently dig herself
into an even deeper hole.")(citing Debt Collection, 78 Fed.Reg. at 67,876
("[C]onsumers may believe that when they make a partial payment on a time-barred
debt they have only obligated themselves in the amount of the partial payment but
in many circumstances that is not true.")). This omission is material in that it would
impact the least sophisticated consumer's decision making process. *Buchanan v.
Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015)("The other problem with
the letter is that an unsophisticated debtor who cannot afford the settlement offer
might nevertheless assume from the letter that some payment is better than no
payment. Not true: Some payment is worse than no payment. The general rule in
Michigan is that partial payment restarts the statute-of-limitations clock, giving the
creditor a new opportunity to sue for the *full* debt.")

c.  Section 1692f by using unfair or unconscionable means to attempt to collect the
Alleged Debt. Specifically, at the time Defendant's Collection Letter was sent,

Defendant knew that partial payment toward, or written acknowledgement of, the Alleged Debt would revive the applicable statue of limitations. Notwithstanding said knowledge, Defendant chose not to advise Plaintiff of the consequences associated with partial payment toward, or written acknowledgement of, the Alleged Debt in an effort to trick Plaintiff into reviving the statute of limitations. *See, e.g., Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1023 (S.D. Ohio 2007)(noting that two "hallmarks of unconscionability" are "a superior economic position and level of sophistication").

56. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead in violation of federal law. *See, e.g., McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt […] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. […] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

57. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration and confusion, whereby

Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT III – VIOLATION OF THE FCCPA

58. Plaintiff re-asserts and re-alleges paragraphs 1 through 39 as if fully restated herein.

59. Defendant's Collection Letter asserts that Defendant has the right to credit report the Alleged Debt, yet has simply chosen not to do so.

60. At the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of the age of the Alleged Debt and applicable statute of regulations, that Defendant did not have the legal right to credit report the Alleged Debt.

61. Defendant, by and through Defendant's Collection Letter, has violated Fla. Stat § 559.72(9) by asserting the existence of a legal right with knowledge that the right did not exist.

62. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## DEMAND FOR JURY TRIAL

63. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

    (b)    Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(c)    An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)    A declaration that Defendant's collection activities directed as Plaintiff are in violation of the FCCPA;

(e)    Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(f)    Any other relief that the Court deems appropriate and just under the circumstances.

DATED: November 3, 2017

Respectfully Submitted,

   /s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 102808
E-mail:   Ben@theKRfirm.com
**KUHN RASLAVICH, P.A.**
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Phone:   813-422-7782
Fax:     813-422-7783

PO BOX 1391
SOUTHGATE, MI 48195-0391



*Diversified Consultants, Inc.*
**866-809-6066**
www.dcicollect.com
Hours of Operation:
Monday – Thursday  8AM to 11PM EST
Friday  8AM to 10PM EST
Saturday  9AM to 4PM EST

EXHIBIT A

02/10/17

Nurit Lavertovsky

Boynton Beach, FL 33437-4054

Current Creditor:   EOS USA
Original Creditor:   AT&T MOBILITY
Account Number:              3266
Agency Reference Number:              7450
Current Balance:  $675.49

Our attempts to contact you regarding your past due account have been unsuccessful. Please contact us to discuss this account.

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,

Diversified Consultants, Inc.
PO Box 551268
Jacksonville, FL 32255-1268
866-809-6066

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

The law limits how long you can be sued on a debt. Because of the age of your debt, you cannot be sued to collect the debt and we will not report it to the credit reporting agencies.

DCI\00218\23725664\2644                                                                                26639\00256978\010

Detach and Return with Payment

**To pay by credit card, please complete the information below:**

Check One:   ❑ VISA   ❑ MasterCard   ❑ AMEX   ❑ Check

Card Number: ⬚⬚⬚⬚ ⬚⬚⬚⬚ ⬚⬚⬚⬚ ⬚⬚⬚⬚

Expiration Date: ⬚⬚⬚⬚   CCV#: ⬚⬚⬚  Last 3 digits on back of card

Signature of Cardholder: _____

Cardholder Name: _____

Cardholder Billing Address:

_____

**Amount Due: $675.49**

**Amount Submitted:**

$

002.

Current Creditor:  EOS USA
Original Creditor:  AT&T MOBILITY
Account Number:              3266
Agency Reference Number:              7450
Current Balance:  $575.49

DIVERSIFIED CONSULTANTS, INC.
PO BOX 551268
JACKSONVILLE, FL 32255-1268

866-809-6066

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

NURIT LAVERTOVSKY,

    Plaintiff,

v.                           Case No.:

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

_____/

## NOTICE OF DESIGNATION OF EMAIL
## ADDRESS FOR SERVICE OF COURT DOCUMENTS

KUHN RASLAVICH, P.A., counsel for Plaintiff in the above styled action, hereby designates the following email addresses for use pursuant to the Florida Rule of Judicial Administration 2.516:

ben@theKRfirm.com

Jennifer@theKRfirm.com

## CERTIFICATION OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of this document will be served on the Defendant along with the summons in this action.

Respectfully Submitted,

/s/ *Benjamin W. Raslavich*
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 102808
E-mail:   Ben@theKRfirm.com
KUHN RASLAVICH, P.A.
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Phone:   813-422-7782
Fax:     813-422-7783
Counsel for Plaintiff

Filing # 63719115 E-Filed 11/03/2017 12:28:59 PM

NURIT LAVERTOVSKY :          IN THE COUNTY COURT IN AND FOR
_____ :   PALM BEACH COUNTY, FLORIDA
_____ :    CASE NO. _____
_____ :    JUDGE_____
_____ :    DIV._____
       PLAINTIFF
VS.
DIVERSIFIED CONSULTANTS, INC. :   **SUMMONS/NOTICE TO APPEAR FOR**
_____ :        **PRETRIAL CONFERENCE**
_____ :
_____ :
_____ :
       DEFENDANT

     STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S):

Nurit Lavertovsky                     Diversified Consultants, Inc.
c/o Kuhn Raslavich, P.A.              c/o John R. Crawford
2124 W. Kennedy Blvd., Suite B        1200 Riverplace Boulevard
Tampa, Florida 33606                  Suite 800
                                      Jacksonville, Florida 32207

   YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the

_____ in Courtroom # _____, located at _____,

on (date), at _____m, for a PRETRIAL CONFERENCE before a judge of this court.

    **IMPORTANT--READ CAREFULLY THE CASE WILL NOT BE TRIED AT THAT TIME. DO NOT
BRING WITNESSES--APPEAR IN PERSON OR BY ATTORNEY**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The
plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution.  A written
MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal
appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the
pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court
proceedings by any principal of the business entity who has legal authority to bind the business entity
or any employee authorized in writing by a principal of the business entity. A principal is defined as
being an officer, member, managing member, or partner of the business entity. Written authorization
must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or
part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if
the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to
confer with the court and to explain briefly the nature of your dispute, state what efforts have been
made to settle the dispute, exhibit any documents necessary to prove the case, state the names and
addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial,

and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

**DATED** at_____Florida, on_____

_____
As Clerk of the County Court

This notice is provided pursuant to Administrative Order No. 2.207-9/12

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**



**SHARON R. BOCK**

**RECEIPT**
2404541

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
11/06/2017 01:21
Page 1 of 1

| Receipt Number: 2404541 - Date 11/06/2017  Time 1:21PM | | | |
|---|---|---|---|
| **Received of:** | Benjamin W Raslavich Raslavich<br>2124 W. Kennedy Blvd., Suite B<br>Tampa, FL 33606 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 195.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 195.00 |
| **Receipt ID:** | 8634855 | **Remaining Balance:** | 0.00 |
| **Division:** | RE: County Civil Central - RE(Civil) | | |

| Case# 50-2017-SC-014791-XXXX-MB -- PLAINTIFF/PETITIONER: LAVERTOVSKY, NURIT | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 195.00 | 195.00 | 0.00 |
| **Case Total** | **195.00** | **195.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 19896557 | **195.00** |
| **Total Received** | | **195.00** |
| **Total Paid** | | **195.00** |

**How was your service today?**  We want to hear your comments or questions.  Please e-mail your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



IN THE COUNTY COURT IN AND FOR PALM BEACH COUNTY, FLORIDA

UNIFORM CASE NO: 50-2017-SC-014791-XXXX-MB
DIVISION: RE: County Civil Central - RE (Civil)

NURIT LAVERTOVSKY

PLAINTIFF(S)
-VS-
DIVERSIFIED CONSULTANTS INC

DEFENDANT(S)

Date _11-10_ Time _12:15_
_2243_
Special Process Server
(904) 356-2122

## NOTICE TO APPEAR
## FOR PRE-TRIAL CONFERENCE/MEDIATION

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

**DIVERSIFIED CONSULTANTS INC**

**C/O JOHN R CRAWFORD S/P**
**1200 RIVERPLACE BLVD SUITE 800**
**JACKSONVILLE, FL 32207**

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the Palm Beach County Courthouse in Courtroom 4C (Main Branch) MB, 205 N. Dixie Highway West Palm Beach FL 33401, on November 30, 2017 at 10:00 AM for a PRETRIAL CONFERENCE before a Judge of this court.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution or levy.

RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above named person.

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

DATED: 6th of November, 2017



Sharon R. Bock
Clerk & Comptroller
By:

Bysiewicz, Nina M as Deputy Clerk

Cc:
NURIT LAVERTOVSKY 2124 W. KENNEDY BLVD., SUITE B
TAMPA, FL 33606
RASLAVICH, BENJAMIN W 2124 W KENNEDY BLVD STE B TAMPA FL 33606

EN EL TRIBUNAL DEL CONDADO, EN Y  DEL CONDADO DE PALM BEACH, FLORIDA

CAUSA  NO: 50-2017-SC-014791-XXXX-MB
DIVISION: -RE: County Civil Central - RE (Civil)

NURIT LAVERTOVSKY

DEMANDANTE(S),

vs.
DIVERSIFIED CONSULTANTS INC

DEMANDADO(S)

### NOTICIA PARA COMPARECER
### A CONFERENCIA PREVIA AL JUICIO/MEDIACION

ESTADO DE LA FLORIDA  - NOTIFICACIÓN A LOS DEMANDANTES Y A LOS DEMANDADOS

**DIVERSIFIED CONSULTANTS INC**

**C/O JOHN R CRAWFORD S/P**
**1200 RIVERPLACE BLVD SUITE 800**
**JACKSONVILLE, FL  32207**

DIRECCION ADICIONAL:

SE LE AVISA POR ESTE MEDIO que usted deberá comparecer personalmente o representado por un abogado en la Sala 4C (Main Branch) MB, 205 N. Dixie Highway West Palm Beach FL 33401 del Tribunal del Condado de Palm Beach, el día November 30, 2017, a las 10:00 AM, para una CONFERENCIA PREVIA AL JUICIO.

### IMPORTANTE – LEA CUIDADOSAMENTE

**ESTE CASO NO SERA JUZGADO DURANTE LA CONFERENCIA PREVIA AL JUICIO, PERO PUEDE TRATAR DE RESOLVERSE POR MEDIO DE MEDIACION ESE DIA.**

**NO TRAIGA TESTIGOS. USTED TIENE QUE COMPARECER PERSONALMENTE O SER REPRESENTADO POR UN ABOGADO.**

**LA PERSONA QUE COMPAREZCA EN REPRESENTACION DE UNA DE LAS PARTES, DEBE TENER AUTORIDAD TOTAL PARA NEGOCIAR TODAS LAS CANTIDADES, DESDE UN VALOR DE CERO, HASTA EL MONTO TOTAL DE LA DEMANDA, SIN TENER QUE HACER CONSULTA ALGUNA. EL INCUMPLIMIENTO A LO ESTABLECIDO PUEDE RESULTAR EN LA IMPOSICION DE SANCIONES, INCLUYENDO COSTOS, HONORARIOS DE ABOGADOS, IMPOSICION DE UNA DECISION JUDICIAL O RECHAZO DE LA DEMANDA.**

El demandado(s) deberá(n) comparecer ante el Tribunal en la fecha indicada en la orden para evitar una decisión judicial por no comparecer. El(los) demandante(s) deben comparecer para evitar que su caso sea rechazado por insuficiencia de enjuiciamiento. Una MOCION por escrito o una CONTESTACION presentada al Tribunal por parte del demandado(s) o demandante(s), no es excusa para que una de las partes o su abogado no comparezca en persona a la CONFERENCIA PREVIA AL JUICIO/MEDIACION.  La fecha y la hora de la CONFERENCIA PREVIA AL JUICIO/MEDIACION, NO PUEDE SER reprogramada sin buena causa y deberá tener aprobación previa del Tribunal.

Una corporación puede ser representada durante cualquiera etapa del proceso judicial del tribunal, por un representante de la corporación o por cualquier empleado con autorización escrita del representante de la corporación.  La autorización escrita deberá ser llevada a la Conferencia Previa al Juicio/mediación.

FILED: PALM BEACH COUNTY, FL SHARON R BOCK, CLERK. 11/06/2017 01:25:22 PM

El objetivo de la Conferencia previa al Juicio/mediación es el de registrar su comparecencia, para determinar si usted admite toda o parte de la demanda, para así capacitar al Tribunal para que determine la naturaleza de la demanda y para que establezca si su caso será llevado a juicio en caso de que no sea resuelto en la Conferencia Previa al Juicio. Usted o su abogado deberán estar preparados para consultar con el Tribunal y explicar brevemente la naturaleza de su desacuerdo, indicar qué pasos se han tomado para llegar a un acuerdo, presentar los documentos necesarios para probar la demanda, indicar los nombres y direcciones de sus testigos, estipular a los hechos que no requieran prueba y que agilicen el juicio, y estimar cuánto tiempo tomará resolver el caso.

Si usted admite el reclamo, pero desea tiempo adicional para pagar, usted tiene que venir y explicar las circunstancias. El Tribunal podrá o no aprobar un plan de pago y podrá abstenerse de emitir una orden judicial de ejecución o embargo.

DERECHO PARA DETERMINAR EN DONDE DEBERA PRESENTARSE SU CASO. La ley le concede el derecho a la persona o a la compañía que ha sido demandada(o), de presentarse en alguno de los lugares indicados a continuación. Sin embargo, si usted ha sido demandado en algún lugar diferente a los indicados, usted como demandado tiene el derecho de solicitar que su caso sea trasladado al lugar correcto. El lugar apropiado puede ser uno de los siguientes: (1) el lugar en donde el contrato fue ejecutado, (2) si la demanda se origina por nota de pago no asegurada, es en el lugar en donde la nota se originó, o donde vive el otorgante, (3) si la demanda es para recuperar una propiedad o por un remate, el lugar será en donde está ubicada la propiedad, (4) en el lugar en donde ocurrió el evento que dio origen al desacuerdo, (5) en el lugar donde vive uno a varios de los demandados, (6) en cualquier lugar acordado por contrato, (7) en el lugar en donde debe realizarse el pago, cuando se trata de un desacuerdo por dineros adeudados.

Si usted como demandado(s) cree que el demandante(s) no lo ha demandado en el lugar apropiado, usted deberá comparecer ante el Tribunal en la fecha indicada y verbalmente solicitar que se le transfiera el caso o tendrá que registrar una solicitud escrita para la transferencia del caso en forma de affidávit (hecho bajo juramento), dentro de los (7) días anteriores a su primera comparecencia y enviar copia de este documento al demandante(s) o al abogado del demandante(s), si lo hay.

Una copia de la demanda deberá ser entregada oficialmente con esta citación.

**"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

FECHADO EN EL CONDADO DE PALM BEACH, FLORIDA, 6th of November, 2017

Sharon R. Bock
Secretaria & Auditora

NAN TRIBINAL KI REGLE TI ZAFE NAN E  POU KOMIN PALM BEACH, FLORID

NIMERO KA: 50-2017-SC-014791-XXXX-MB-
DIVISYON: RE: County Civil Central - RE (Civil)

NURIT LAVERTOVSKY

DEMANDAN,

v.

DIVERSIFIED CONSULTANTS INC

DAFANDAN.

### AVETISMAN  POU PRESANTE W
### POU YON KONFERANS /MEDIASYON AVAN JIJMAN

ETA FLORID LA - AVETISMAN POU DEMANDAN (YO) AVEK DEFANDAN (YO).

DIVERSIFIED CONSULTANTS INC

C/O JOHN R CRAWFORD S/P
1200 RIVERPLACE BLVD SUITE 800
JACKSONVILLE, FL  32207

YO AVETI- W  KE OU DWE PARET AN PESONN OSWA PA YON AVOKA NAN TRIBINAL KOMINN
PALM BEACH LA NAN SAL 4C (Main Branch) MB, 205 N. Dixie Highway West Palm Beach FL 33401, A
November 30, 2017, NAN 10:00 AM, POU YON KONFEARANS.

### INPÓTAN - LI AVEK ATENSYON.

KA SAA PAP JIJE PANDAN KONFERANS AVAN JIJMAN AN, MEN NOU KA
ESEYE REZOUD KA A  NAN MEDIASYON JOU SA A.

PA MENEN TEMWEN OU DWE PRESANTE TET OU OSWA YON AVOKA KAPAB
PARET POU OU.

MOUN KI PARET POU REPRESANTE PATI A DWE GEN TOUT OTORITE POU L
NEGOSYE MONTAN AN KOMANSE A ZERO POU RIVE A MONTAN TOTAL
DEMAND LA SAN LI PA OBLIJE KONSILTE AK LOT MOUN. SI OU DESOBYI AK
REG SA A SA KA PEMET YO PRAN SANKSYON KONT OU. SA KA INKLI FRE ,
FRE AVOKA, SANKSYON FINANSYEL JIRIDIK. OSWA ANILE DEMAND LA.

Defandan(yo) dwe presante nan tribinal la nan dat yo bali ki nan lod la poul ka evite yon sanksyon jiridik
finansyel deske li pat paret. Demandan (yo) dwe paret nan tribinal pou yo pa kite ka a tonbe. Paske pa t
gen ase reclamasyon. Menm si demandan an  oswa defandan an ta fe tribinal la yon demand a lekrit sa
pap eskise presans nou ni presans avoka a nan  konferans/mediasyon anvan jijman . Ni dat ni le konferans
avan jijman an pa ka ranvvoiye san yon bon rezon ak san tribinal la pat aprouve li davans.

Yon Koporasyon  ka pab  represante pa yon ofisyel ki nan koporasyon nan tout etap pwose a nan tribinal
la ,oswa yon ofisyel koporasyon an ka pab otorize youn nan anplwaye l yo a lekrit pou represante l. yo

dwe pote otorizasyon a lekrit sa a nan konferans/mediasyon anvan jijman. Rezon pou konferans avan jijman an se pou yo sa montre ke w te paret , pou fe konnen si ke ou
Admet tout oswa yon pati nan reklamasyon an, pou sa pemet tribinal la deside ki jan de ka ke li ye, e pou yo ka plase ka a pou jijman si ka a pa ka rezoud nan konferans avan jijman an. Oumenm oswa avoka w la dwe prepare n pou yon konferans ak tribinal la e poun eksplike tou kout ki jan de dispit ke ou gen yen an , eksplike ki ef☐ ki te fet pou rezoud ka a , montre kinpot dokiman neses☐ pou pwouve ka a , bay non ak address temwen w yo , dak☐ ak s☐tin f☐ ki ki pap beswen prev e kap fe jijman an ale pli vit, e etime konbyen tan sa ap pran pou jije ka a.

Si ou aksepte reklamasyon an, e ou beswen plis tan pou peye , se pou vinn di yo rezon an. Tribinal la ka pemet oswo pa aksepte ke ou fe  yon plan pou peye , li ka mete yon sanksyon Finansyel jiridik oswa yon anbago.

Dwa pou detemine ki kote pou presante ka w la. Lwa a bay moun nan oswa konpany ki asiyen w la dwa pou li presante li nan ninpot nan kote ki make sou papye a . Men si yo te asiyen w lot kote apa de kote ki make sou papye a, oumenm kom defanndan gen dwa Mande pou yo voye ka a nan kote ki korek la. Kote apwopriye a ka nan youn nan kote suivan sa yo: (1) kote kontra a te fet la, (2) si asiniasyon an se te yon biye ak yon pwomes san bon garanti , kote biye a te signyen oswa kote moun ki te fe biye a rete. (3) si demand la se pou rekipere pwopriyete a oswa pou poze sele sou pwopriyete a ;(4) kote evenman an te rive ki koz asiniasyon an ; (5) kote youn ou plis nan moun yo asiyin a rete ; (6) Kelke swa kote ki te dako nan kontra a ; (7) nan yon aksyon kote gen lajan ki dwe, si pa gen yon ak☐ nan ki kote pou demand la fet , kote pou peyman an fet.

Si oumenm defandan an (yo) pa  kwe ke demandan an te asiyen nan youn nan kote sa yo se pou paret nan tribinal la dat yo ba w la pou mande pou yo transfere ka a , oswa ou ka ekri yon demand nan yon f☐m atestasyon (deklarasyon ekri sou seman) ak tribinal la 7 jou avan premie randevou tribinal la e voye yon kopi bay demandan (yo) an oswa avoka demandan (yo) si gen yen.

Yon kopi asiniasyon an fet pou ofisyelman akonpanye konvokasyon an.

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo  nan Tribinal Konte  Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."